UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE:      JONATHAN ANDREW CERNERO           CASE NO. 14-04247-JJG-7
            HEATHER MARIE CERNERO
            Debtors

## MOTION FOR RELIEF FROM AUTOMATIC STAY AND ABANDONMENT OF PROPERTY AND NOTICE OF OBJECTION DEADLINE WITH 30-DAY WAIVER

The Creditor, Financial Center First Credit Union fka Financial Center Federal Credit Union ("Financial Center"), hereby moves the Court, pursuant to 11 U.S.C. § 362(d) and § 554, to lift the automatic stay on and abandon from the estate the following personal property (the "Vehicle"):

2008 Suzuki XL7
VIN: 2S3DA917886107316

In support of the Motion, Financial Center states the following:

1. The Debtors, Jonathan Andrew Cernero and Heather Marie Cernero ("Debtors"), filed a Chapter 7 case on May 7, 2014 and converted to a Chapter 13 case on December 1, 2015 (the "Petition Date").

2. As of the Petition Date, Financial Center was the holder of a claim secured by the Vehicle, more particularly described in the Proof of Claim attached as Exhibit "A."

3. The above described security interest was given to secure a Retail Installment Contract and Security Agreement (the "Agreement") dated April 10, 2012 in the original sum of Twenty-Six Thousand Seven Hundred Seventy-Four Dollars ($26,774.00).

4. Financial Center perfected an interest in the Vehicle, more particularly described in a Certificate of Title attached in Exhibit "A."

5. As of the date of the filing of the bankruptcy, the outstanding principal of the Agreement was Fifteen Thousand Five Hundred Nine Dollars and Fifty-Six Cents ($15,509.56) and the arrearage was Two Thousand One Hundred Fifty-Seven Dollars and Eighteen Cents ($2,157.18).

6. The Debtor is in default post-petition. A payment history is attached as Exhibit "B."

7. The Vehicle is burdensome to the estate. Cause exists to lift the automatic stay since the interest of Financial Center is not being adequately protected.

8. Financial Center hereby waives the right under 11 U.S.C. § 362(e) to a hearing on this motion within thirty (30) days of the date it is filed.

NOTICE IS GIVEN that any objection must be filed with the Bankruptcy Clerk within **14 days** from date of service. Those not required or not permitted to file electronically must deliver any objection by U.S. mail, courier, overnight/express mail, or in person at:

U. S. Bankruptcy Court
116 U. S. Courthouse
46 East Ohio Street
Indianapolis, Indiana 46204

The objecting party must ensure deliver of the objection to the party filing the motion. **If an objection is NOT timely filed, the requested relief may be granted**

WHEREFORE, Financial Center First Credit Union moves the Court to enter an order lifting the automatic stay and abandoning the Vehicle, and granting such other relief as appropriate.

Respectfully submitted,
BINGHAM, FARRER & WILSON, P.C.

By: /s/ Michael E. Farrer

**CERTIFICATE OF SERVICE**

This is to certify that a true and accurate copy of the foregoing was served on the parties by placing a copy in the U.S. Mail or by electronic filing this 15th day of December, 2015:

U. S. Trustee, 101 W. Ohio Street, #1000, Indianapolis, IN 46204
Ann M. DeLaney, Trustee, P. O. Box 441285, Indianapolis, IN 46244
Matthew D. Boruta, Attorney for Debtor, 3737 N. Meridian St., #201, Indianapolis, IN 46208

/s/ Michael E. Farrer

MICHAEL E. FARRER/#6784-49
BINGHAM, FARRER & WILSON, P.C.
Attorneys at Law
1601 South Anderson Street
P. O. Box 494
Elwood, Indiana 46036
Telephone: 765-552-9878
Facsimile: 765-552-5496
C:\Users\Barb\Documents\MyFiles\Bankruptcy\Motion\Relief and Request\Post Petition Default\fcfcu.cernero.auto.12.14.15.wpd/bp

B 10 (Official Form 10) (04/10)

| UNITED STATES BANKRUPTCY COURT   Southern District of Indiana | PROOF OF CLAIM |
|---|---|

**Name of Debtor:** JONATHAN-HEATHER CERNERO

**Case Number:** 14-04247

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

**Name of Creditor** (the person or other entity to whom the debtor owes money or property):
FINANCE CENTER FEDERAL CREDIT UNION

**Name and address where notices should be sent:**
7101 E. 56TH ST.
INDIANAPOLIS, IN 46226

**Telephone number:** (317) 916-6143

☐ Check this box to indicate that this claim amends a previously filed claim.

**Court Claim Number:** _____
(*If known*)

**Filed on:** _____

**Name and address where payment should be sent (if different from above):**
7101 E. 56TH ST.
INDIANAPOLIS, IN 46226

**Telephone number:** (317) 916-6143

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

**1. Amount of Claim as of Date Case Filed:** $ 20,013.84

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☑ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:** AUTO LOAN
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** 7699

**3a. Debtor may have scheduled account as:** _____
(See instruction #3a on reverse side.)

**4. Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

**Nature of property or right of setoff:** ☐ Real Estate ☑ Motor Vehicle ☐ Other
**Describe:** 2008 SUZUKI XI7
**Value of Property:** $ 20,000.00  **Annual Interest Rate** _____ %

Amount of arrearage and other charges as of time case filed included in secured claim,
if any: $ _____  **Basis for perfection:** _____

**Amount of Secured Claim:** $ 20,013.84  **Amount Unsecured:** $ _____

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (*See instruction 7 and definition of "redacted" on reverse side.*)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

**Amount entitled to priority:**

$ _____

*Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

FOR COURT USE ONLY

**Date:** 05/14/2014

**Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

/S/ SUSAN ABBETT  BANKRUPTCY SPECIALIST

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

EXHIBIT "A"

| RETAIL INSTALLMENT CONTRACT AND SECURITY AGREEMENT | Seller: TOM ROUSH, INC.<br>525 W. DAVID BROWN DR.<br>WESTFIELD IN 46074- | Buyer: JONATHAN A CERNERO<br>HEATHER M CERNERO<br>14728 SETTERS RD<br>CARMEL IN 46033 |
|---|---|---|
| No.<br>Date 04/10/2012 | "We" and "us" mean the Seller above, its successors and assigns. | "You" and "your" mean each Buyer above, and guarantor, jointly and individually. |

**SALE:** You agree to purchase from us, on a time basis, subject to the terms and conditions of this contract and security agreement (Contract), the Motor Vehicle (Vehicle) and services described below. The Vehicle is sold in its present condition, together with the usual accessories and attachments.

| Description of Motor Vehicle Purchased | Year 2008<br>Make SUZUKI<br>Model XL7 LIMITED | VIN 2S3DA917086107316<br>Lic. No./Yr.<br>☐ New ☐ Used | Other: |
|---|---|---|---|

Description of Trade-In: 2004 VAN SE NISSAN TRUCK QUEST, 2004 WGN GLS 1.8 VOLKSWAGEN PASSAT WAGON

**SECURITY:** To secure your payment and performance under the terms of this Contract, you give us a security interest in the Vehicle, all accessions, attachments, accessories, and equipment placed in or on the Vehicle, together called Property, and proceeds of the Property. You also assign to us and give us a security interest in proceeds and premium refunds of any insurance and service contracts purchased with this Contract.

**PROMISE TO PAY AND PAYMENT TERMS:** You promise to pay us the principal amount of $ 26899.00 , plus finance charges accruing on the unpaid balance at the rate of 5.09 % per year from today's date until paid in full. Finance charges accrue on a 365 day basis. You agree to pay this Contract according to the payment schedule and late charge provisions shown in the TRUTH IN LENDING DISCLOSURES. You also agree to pay any additional amounts according to the terms and conditions of this Contract.
☒ **MINIMUM FINANCE CHARGE:** You agree to pay a minimum finance charge of $ 39.00 if you pay this Contract in full before we have earned that much in finance charges.

**DOWN PAYMENT:** You also agree to pay, or apply to the Cash Price, on or before today's date, any cash, rebate and net trade-in value described in the ITEMIZATION OF AMOUNT FINANCED. ☐ You agree to make deferred payments as part of the cash down payment as reflected in your Payment Schedule.

### TRUTH IN LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost you. | AMOUNT FINANCED<br>The amount of credit provided to you or on your behalf. | TOTAL OF PAYMENTS<br>The amount you will have paid when you have made all scheduled payments. | TOTAL SALE PRICE<br>The total cost of your purchase on credit, including your down payment of $ 0.00 |
|---|---|---|---|---|
| 5.25 % | $ 4566.16 | $ 26774.00 | $ 31340.16 | $ 31340.16 |

**Payment Schedule:** Your payment schedule will be

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 72 | 435.20 | MONTHLY BEGINNING 05/25/2012 |

**Security:** You are giving a security interest in the Motor Vehicle purchased.
☒ **Late Charge:** If a payment is more than 10 days late, you will be charged 17.50 .
☒ This amount may change pursuant to Indiana Code §§ 24-4.5-1-106 and 24-4.5-2-203.5.
**Prepayment:** If you pay off this Contract early, you ☒ may ☐ will not have to pay a Minimum Finance Charge.
**Contract Provisions:** You can see the terms of this Contract for any additional information about nonpayment, default, any required repayment before the scheduled date, and prepayment refunds and penalties.

**CREDIT INSURANCE:** Credit life, credit disability (accident and health), and any other insurance coverage quoted below, are not required to obtain credit and we will not provide them unless you sign and agree to pay the additional premium. If you want such insurance, we will obtain it for you (if you qualify for coverage). We are quoting below ONLY the coverages you have chosen to purchase.

Credit Life: Insured _____
☐ Single ☐ Joint Prem. $ _____ Term _____
Credit Disability: insured _____ N/A _____ N/A
☐ Single ☐ Joint Prem. $ _____ Term _____
N/A   N/A

Your signature below means you want (only) the insurance coverage(s) quoted above. If none are quoted, you have declined any coverages we offered.

Buyer _____ d/o/b    Buyer _____ d/o/b

**PROPERTY INSURANCE:** You must insure the Property securing this Contract. You may purchase or provide the insurance through any insurance company reasonably acceptable to us. The collision coverage deductible may not exceed $ _____ . If you get insurance from or through us you will pay $ N/A for _____ N/A of coverage.

This premium is calculated as follows:
☐ $ _____ Deductible, Collision Coverage $ _____
☐ $ N/A Deductible, Comprehensive Cov. $ N/A
☐ Fire-Theft and Combined Additional Coverage $ N/A
☐ _____ $ N/A

Liability insurance coverage for bodily injury and motor vehicle damage caused to others is not included in this Contract unless checked and indicated.

☐ **SINGLE-INTEREST INSURANCE:** You must purchase single-interest insurance as part of this sale transaction. You may purchase the coverage from a company of your choice, reasonably acceptable to us. If you buy the coverage from or through us, you will pay $ _____ for _____ of coverage.

☐ **SERVICE CONTRACT:** With your purchase of the Vehicle, you ☒ agree to purchase a Service Contract to cover _____

48 MTHS 48000 MILES . This Service Contract will be in effect for _____

**ASSIGNMENT:** This Contract and Security Agreement is assigned to STAR FINANCIAL BANK Finance Center Federal C.U. , the Assignee, phone _____ . This assignment is made ☐ under the terms of a separate agreement. ☐ under the terms of the ASSIGNMENT BY SELLER on page 2. ☒ This assignment is made with recourse.
Seller: By _____ Date _____

### ITEMIZATION OF AMOUNT FINANCED

Vehicle Price (incl. sales tax of $ 756.07 ) $ 20802.07
Service Contract, Paid to: ALLSTATE $ 2125.00
    Cash Price $ 22927.07
Manufacturer's Rebate $ N/A
Cash Down Payment $ N/A
Deferred Down Payment $ N/A
    a. Total Cash/Rebate Down $ N/A
b. Trade-In Allowance $ 11370.00
c. Less: Amount owing $ 14477.93
    Paid to (includes f.): _____
    d. Net Trade-In (b. minus c.) $ -3107.93
    e. Net Cash/Trade-In (a. plus d.) $ -3107.93
f. Amount to Finance line e. (if e. is negative) $ 3107.93
Down Payment (e.; disclose as $0 if negative) $ 0.00
    Unpaid Balance of Cash Price $ 26035.00
Paid to Public Officials - Filing Fees $ N/A
Insurance Premiums* $ N/A
To: AMERICAN HERITAGE INS GAP* $ 460.00
To: N/A $ N/A
To: PREPAID FINANCE $ 125.00
To: DOCUMENTARY FEE* $ 279.00
Total Other Charges/Amounts Pd. to Others $ 864.00
    Less: Prepaid Finance Charges $ 125.00
    Amount Financed $ 26774.00
*We may retain or receive a portion of this amount.

### NOTICE TO BUYER

(1) Do not sign this agreement before you read it or if it contains any blank spaces. (2) You are entitled to a completely filled-in copy of this agreement. (3) Under the law, you have the right to pay off in advance the full amount due and under certain conditions to obtain a partial refund of the finance charge.

BY SIGNING BELOW BUYER AGREES TO THE TERMS ON PAGES 1 AND 2 OF THIS CONTRACT AND ACKNOWLEDGES RECEIPT OF A COPY OF THIS CONTRACT.

Buyer Signature _____ Date 04/10/2012
X Signature _____ Date 04/10/2012
Seller: By _____

04/10/2012

Retail Installment Contract-IN
Bankers Systems™
Wolters Kluwer Financial Services © 1992, 2007    To Reorder Form: 1-800-XXX-XXXX    RS-SI-MV-IN 9/25/2007 Customized
Initials: _____ Page 1 of 2

## ADDITIONAL TERMS OF THIS CONTRACT AND SECURITY AGREEMENT

**GENERAL TERMS:** You have been given the opportunity to purchase the Vehicle and described services for the Cash Price or the Total-Sale Price. The Total-Sale Price is the total price of the Vehicle and any services if you buy them over time. You agreed to purchase the items over time. The Total Sale Price shown in the TRUTH IN LENDING DISCLOSURES assumes that all payments will be made as scheduled. The actual amount you will pay may be more or less depending on your payment record.

We do not intend to charge or collect, and you do not agree to pay, any finance charge or fee, that is more than the maximum amount permitted for this sale by state or federal law. If you pay a finance charge or fee that is contrary to this provision, we will, instead, apply it first to reduce the principal balance, and when the principal has been paid in full, refund it to you.

You understand and agree that we (or our affiliate) will earn commissions or fees on any insurance products, and may earn such fees on other services that you buy through us or our affiliate.

If any section or provision of this Contract is not enforceable, the other terms will remain part of this Contract.

**BALLOON PAYMENT:** If any payment is more than twice as large as the average of all other regularly scheduled payments, you may refinance that payment when due. You may do so on terms as favorable as the terms originally agreed to in this Contract. This right does not apply if your payment schedule is adjusted for seasonal or irregular income.

**PREPAYMENT:** You may prepay this Contract in full or in part at any time. Any partial prepayment will not excuse any later scheduled payments until you pay in full.

A refund of any prepaid, unearned insurance premiums may be obtained from us or from the insurance company named in your policy or certificate of insurance.

**OWNERSHIP AND DUTIES TOWARD PROPERTY:** By giving us a security interest in the Property, you represent and agree to the following:
A. Our security interest will not extend to consumer goods unless you acquire rights to them within 10 days after we enter into this Contract, or they are installed in or affixed to the Vehicle.
B. You will defend our interests in the Property against claims made by anyone else. You will do whatever is necessary to keep our claim to the Property ahead of the claim of anyone else.
C. The security interest you are giving us in the Property comes ahead of the claim of any other of your general or secured creditors. You agree to sign any additional documents or provide us with any additional information we may require to keep our claim to the Property ahead of the claim of anyone else. You will not do anything to change our interest in the Property.
D. You will keep the Property in your possession in good condition and repair. You will use the Property for its intended and lawful purposes. Unless otherwise agreed in writing, the Property will be located at your address listed on page 1 of this Contract.
E. You will not attempt to sell the Property (unless it is properly identified inventory) or otherwise transfer any rights in the Property to anyone else, without our prior written consent.
F. You will pay all taxes and assessments on the Property as they become due.
G. You will notify us of any loss or damage to the Property. You will provide us reasonable access to the Property for the purpose of inspection. Our entry and inspection must be accomplished lawfully, and without breaching the peace.

**DEFAULT:** You will be in default on this Contract if any one of the following occurs (except as prohibited by law):
A. You fail to perform any obligation that you have undertaken in this Contract.
B. We, in good faith, believe that you cannot, or will not, pay or perform the obligations you have agreed to in this Contract.

If you default, you agree to pay our costs for collecting amounts owing, including, without limitation, court costs, attorneys' fees (for attorneys who are not our salaried employees), and fees for repossession, repair, storage and sale of the Property securing this Contract all without relief from valuation and appraisement laws.

If an event of default occurs as to any one of you, we may exercise our remedies against any or all of you.

**REMEDIES:** If you are in default on this Contract, we have all of the remedies provided by law and this Contract:
A. We may require you to immediately pay us, subject to any refund required by law, the remaining unpaid balance of the amount financed, finance charges and all other agreed charges.
B. We may pay taxes, assessments, or other liens or make repairs to the Property if you have not done so. We are not required to do so. This amount will be due immediately. This amount will earn finance charges from the date paid at the rate described in the PROMISE TO PAY AND PAYMENT TERMS section until paid in full.
C. We may require you to make the Property available to us at a place we designate that is reasonably convenient to you and us.
D. We may immediately take possession of the Property by legal process or self-help, but in doing so we may not breach the peace or unlawfully enter onto your premises. We may then sell the Property and apply what we receive as provided by law to our reasonable expenses and then toward your obligations.

E. Except when prohibited by law, we may sue you for additional amounts if the proceeds of a sale do not pay all of the amounts you owe us.

By choosing any one or more of these remedies, we do not waive our right to later use another remedy. By deciding not to use any remedy, we do not give up our right to consider the event a default if it happens again.

You agree that if any notice is required to be given to you of an intended sale or transfer of the Property, notice is reasonable if mailed to your last known address, as reflected in our records, at least 10 days before the date of the intended sale or transfer (or such other period of time as is required by law).

You agree that, subject to your right to recover such property, we may take possession of personal property left in or on the Property securing this Contract and taken into possession as provided above.

**RETURNED CHECK CHARGE:** You agree to pay a fee of $25.00 for each check, negotiable order of withdrawal or share draft you issue in connection with this Contract that is returned because it has been dishonored.

**INSURANCE:** You agree to buy property insurance on the Property protecting against loss and physical damage and subject to a maximum deductible amount indicated in the PROPERTY INSURANCE section, or as we will otherwise require. You will name us as loss payee on any such policy. In the event of loss or damage to the Property, we may require additional security or assurances of payment before we allow insurance proceeds to be used to repair or replace the Property. You agree that if the insurance proceeds do not cover the amounts you still owe us, you will pay the difference. You may purchase or provide the insurance through any insurance company reasonably acceptable to us. You will keep the insurance in full force and effect until this Contract is paid in full.

If you fail to obtain or maintain this insurance, or name us as a loss payee, we may obtain insurance to protect our interest in the Property. This insurance may include coverages not required of you. This insurance may be written by a company other than one you would choose. It may be written at a rate higher than a rate you could obtain if you purchased the property insurance required by this Contract. We will add the premium for this insurance to the amount you owe us. Any amount we pay will be due immediately. This amount will earn finance charges from the date paid at the rate described in the PROMISE TO PAY AND PAYMENT TERMS section until paid in full.

**OBLIGATIONS INDEPENDENT:** Each person who signs this Contract agrees to pay this Contract according to its terms. This means the following:
A. You must pay this Contract even if someone else has also signed it.
B. We may release any co-buyer or guarantor and you will still be obligated to pay this Contract.
C. We may release any security and you will still be obligated to pay this Contract.
D. If we give up any of our rights, it will not affect your duty to pay this Contract.
E. If we extend new credit or renew this Contract, it will not affect your duty to pay this Contract.

**WARRANTY:** Warranty information is provided to you separately.

**WAIVER:** To the extent permitted by law, you agree to give up your rights to require us to do certain things. We are not required to: (1) demand payment of amounts due; (2) give notice that amounts due have not been paid, or have not been paid in the appropriate amount, time or manner; or, (3) give notice that we intend to make, or are making, this Contract immediately due.

---

**THIRD PARTY AGREEMENT**

By signing below you agree to give us a security interest in the Property described in the SALE section. You also agree to the terms of this Contract, including the WAIVER section above, except that you will not be liable for the payments it requires. Your interest in the Property may be used to satisfy the Buyer's obligation. You agree that we may renew, extend, change this Contract, or release any party or property without releasing you from this Contract. We may take these steps without notice or demand upon you.

You acknowledge receipt of a completed copy of this Contract.

Signature _____ Date _____

---

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

**IF YOU ARE BUYING A USED VEHICLE, THE INFORMATION YOU SEE ON THE WINDOW FORM FOR THIS VEHICLE IS PART OF THIS CONTRACT. INFORMATION ON THE WINDOW FORM OVERRIDES ANY CONTRARY PROVISIONS IN THE CONTRACT OF SALE.**

## ASSIGNMENT BY SELLER

Seller sells and assigns this Retail Installment Contract and Security Agreement, (Contract), to the Assignee, its successors and assigns, including all its rights, title and interest in this Contract, and any guarantee executed in connection with this Contract. Seller gives Assignee full power, either in its own name or in Seller's name, to take all legal or other actions which Seller could have taken under this Contract. This Assignment includes any right the Seller may have to a deduction or refund of state gross retail and use taxes. (SEPARATE AGREEMENT: If this Assignment is made "under the terms of a separate agreement" as indicated on page 1, the terms of this assignment are described in a separate writing(s) and not as provided below.)

Seller warrants:
A. This Contract represents a sale by Seller to Buyer on a time price basis and not on a cash basis.
B. The statements contained in this Contract are true and correct.
C. The down payment was made by the Buyer in the manner stated on page 1 of this Contract and, except for the application of any manufacturer's rebate, no part of the down payment was loaned or paid to the Buyer by Seller or Seller's representatives.
D. This sale was completed in accordance with all applicable federal and state laws and regulations.
E. This Contract is valid and enforceable in accordance with its terms.
F. The names and signatures on this Contract are not forged, fictitious or assumed, and are true and correct.
G. This Contract is vested in the Seller free of all liens, is not subject to any claims or defenses of the Buyer, and may be sold or assigned by the Seller.
H. A completely filled-in copy of this Contract was delivered to the Buyer at the time of execution.
I. The Vehicle has been delivered to the Buyer in good condition and has been accepted by Buyer.
J. Seller has or will perfect a security interest in the Property in favor of the Assignee.

If any of these warranties is breached or untrue, Seller will, upon Assignee's demand, purchase this Contract from Assignee. The purchase shall be in cash in the amount of the unpaid balance (including finance charges) plus the costs and expenses of Assignee, including attorneys' fees.

Seller will indemnify Assignee for any loss sustained by it because of judicial set-off or as the result of a recovery made against Assignee as a result of a claim or defense Buyer has against Seller.

Seller waives notice of the acceptance of this Assignment, notice of non-payment or non-performance and notice of any other remedies available to Assignee.

Assignee may, without notice to Seller, and without affecting the liability of Seller under this Assignment, compound or release any rights against, and grant extensions of time for payment to be made, to Buyer and any other person obligated under this Contract.

**UNLESS OTHERWISE INDICATED ON PAGE 1, THIS ASSIGNMENT IS WITHOUT RECOURSE.**

**WITH RECOURSE:** If this Assignment is made "with recourse" as indicated on page 1, Assignee takes this Assignment with certain rights of recourse against Seller. Seller agrees that if the Buyer defaults on any obligation of payment or performance under this Contract, Seller will, upon demand, repurchase this Contract for the amount of the unpaid balance, including finance charges, due at that time.

Retail Installment Contract-IN
Bankers Systems™
Wolters Kluwer Financial Services © 1992, 2007
To Reorder Form: 1-800-552-9410
RS-SI-MV-IN 9/25/2007
Initials: _____ Page 2 of 2

# INDIANA CERTIFICATE OF TITLE

# STATE OF INDIANA
## CERTIFICATE OF TITLE FOR A VEHICLE

| MAKE | MODEL NAME | YEAR | VIN |
|---|---|---|---|
| SUZUKI | XL7 | 2008 | 2S3DA917886107316 |

| TITLE TYPE | FORMER TITLE/STATE | PURCHASE DATE | BODY TYPE |
|---|---|---|---|
| NORMAL | 10805284000364/IN | 04/09/12 | 4W |

**USAGE TAX PAID** $607.32   **ISSUE DATE** 04/21/12

**ODOMETER/BRAND** 046070/ACTUAL

**OWNER(S) NAME**
JONATHAN A & HEATHER M CERNERO
14728 SETTERS RD
CARMEL IN 460339431

**BRAND(S)**

**MAILING ADDRESS**
FINANCE CENTER FEDERAL CU
7101 E 56TH ST
INDIANAPOLIS IN 462261315

**SECOND LIENHOLDER**

**ADDITIONAL OWNER(S)**
HEATHER MARIE CERNERO

**LIEN RELEASED BY:**
X _____

PRINTED NAME: _____  POSITION: _____
DATE: _____

**FIRST LIENHOLDER**
FINANCE CENTER FEDERAL CU
7101 E 56TH ST
INDIANAPOLIS IN 462261315

**THIRD LIENHOLDER**

**LIEN RELEASED BY:**
X _____

PRINTED NAME: _____  POSITION: _____
DATE: _____

**LIEN RELEASED BY:**
X _____

PRINTED NAME: _____  POSITION: _____
DATE: _____

The Commissioner of the Bureau of Motor Vehicles, pursuant to the laws of the State of Indiana, certifies that the vehicle/watercraft has been duly titled and that owner of the described vehicle/watercraft is subject to the liens set forth.

## INDIANA BUREAU OF MOTOR VEHICLES
### R. Scott Waddell, Commissioner

F1272980

**TITLE NUMBER**
12740075000070

DO NOT ACCEPT TITLE SHOWING ANY ERASURES, ALTERATIONS OR MUTILATIONS

```
   JONATHAN A CERNERO       ACN:                     SSN:                          10DEC15

         TRAN         EFF                 TRAN    FEE/ FINANCE  SHARES/
   SF    DATE-TIME    DATE  TRN-SC        AMOUNT  PNLTY CHARGE  PRINCIPAL  BALANCE   TLR
   ---------------------------------------------------------------------------------------

   L-50  10DEC15-11:12AM  <Purpose code changed from [BK13] to [BK7]>                356
         14JUL15-01:20PM  <Front Office Loan PMT:Due date changed from
                            [25JUN2015] to [25JUL2015]>                              430
         14JUL15-01:20PM  <New late charge assessed [ 17.50 ]>                       430
         14JUL15-01:20PM  LP            436.00   17.50   75.75    342.75  15176.71   430
         09JUN15-01:50PM  <Front Office Loan PMT:Due date changed from
                            [25MAY2015] to [25JUN2015]>                              340
         09JUN15-01:50PM  <New late charge assessed [ 17.50 ]>                       340
         09JUN15-01:50PM  LP            436.00   17.50   70.81    347.69  15519.46   340
         08MAY15-12:12PM  <Front Office Loan PMT:Due date changed from
                            [25APR2015] to [25MAY2015]>                              306
         08MAY15-12:12PM  <New late charge assessed [ 17.50 ]>                       306
         08MAY15-12:12PM  LP            436.00   17.50   72.35    346.15  15867.15   306
         06APR15-10:52AM  LP              0.72                      0.72  16213.30   430
         06APR15-10:52AM  <Front Office Loan PMT:Due date changed from
                            [25MAR2015] to [25APR2015]>                              430
         06APR15-10:52AM  <New late charge assessed [ 17.50 ]>                       430
         06APR15-10:52AM  LP            435.28   17.50   64.69    353.09  16214.02   430
         09MAR15-12:05PM  <Front Office Loan PMT:Due date changed from
                            [25FEB2015] to [25MAR2015]>                              324
         09MAR15-12:05PM  <New late charge assessed [ 17.50 ]>                       324
         09MAR15-12:05PM  LP            436.00   17.50   66.07    352.43  16567.11   324
         09FEB15-10:15AM  <Front Office Loan PMT:Due date changed from
                            [25JAN2015] to [25FEB2015]>                              337
         09FEB15-10:15AM  <New late charge assessed [ 17.50 ]>                       337
         09FEB15-10:15AM  LP            436.50   17.50   96.18    322.82  16919.54   337
```

EXHIBIT "B"